UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

INRE:
MICHAEL L. HUBBARD and
EVA M. JANUS,
Debtors.
_____/

Case No. 18-56210-mar
Chapter 7
Judge Mark A. Randon

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## AND FOR WAIVER OF THE PROVISIONS OF FRBP 4001(a)(3)

Now come Sun Communities Operating Limited Partnership ("Creditor") by and through its attorneys, Swistak Levine, P.C., and for its Motion for Relief from Automatic Stay and for Waiver of the Provisions of FRBP 4001(a)(3) states as follows:

1. On January 28, 2016, Debtors entered into a Promissory Note and Security Agreement, (the "Contract") with Triad Financial Services, Inc., which Contract was assigned to Sun Communities, whereby Debtors promised to pay to Creditor 43,211.84, with interest thereon at 8.99%, in monthly installments of $459.93, including a monthly property damage insurance escrow payment, to finance Debtor's purchase of a 1997 Skyline (66' x 28') manufactured home, bearing serial number 9T310276KAB (the "Collateral") which security interest is valid and has been perfected in accordance with the requirements of the Michigan Uniform Commercial Code, MCLA 440.9191, **et seq.**, as amended. A copy of the Agreement, all Assignments and the Certificate of Manufactured Home Ownership are attached hereto, marked as Exhibits A and B.

2. Debtors failed to remit required monthly installment payments to Creditor and on October 24, 2018, Creditor filed a Complaint – Claim and Delivery in the 3rd Judicial Circuit Court for the State of Michigan, Case Number 18-013865-PD, (the "Circuit Court Case") to recover possession of the Collateral, together with its accessories including but not limited to appliances, steps and skirting located on the Leased Premises. A copy of the Complaint is attached hereto, marked as Exhibit C.

3. On December 3, 2018, Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code.

4. Debtors last remitted a payment to Creditor on July 22, 2018 and are currently due for the installment payment that came due on August 1, 2018.

5. Debtors continue to hold possession of the Collateral.

6. Creditor is informed and believes that Debtors intend to surrender the Collateral to Creditor.

7. Debtor has failed to provide Creditor adequate protection or assurance of future performance and has failed to surrender possession of the Collateral to Creditor.

8. As a result of Debtors' Bankruptcy Petition and the automatic stay, Creditor is unable to exercise its remedies as a secured creditor.

9. There are no other parties known or reasonably discoverable who have an interest in the Collateral.

10. Neither Debtor, nor the bankruptcy estate has any equity in the Collateral as the Collateral has a current market value of approximately $38,000.00 based on NADA valuation guidelines and the principal balance owed to Creditor through October 24, 2018 is $41,131.71, plus interest, late charge, court costs and attorney fees incurred in the Claim and Delivery Case.

11. Counsel for Landlord sought concurrence in the relief sought from opposing counsel on December 10, 2018, however, concurrence was not obtained.

12. A copy of the proposed Order for Relief from Automatic Stay is attached hereto and marked as Exhibit "1".

WHEREFORE, Sun Communities Operating Limited Partnership prays that the automatic stay be lifted as to Sun Communities Operating Limited Partnership to allow it to pursue its State Court remedies to obtain possession of the Collateral described as 1997 Skyline (66' x 28') manufactured home, bearing serial number 9T310276KAB located at 28268 Oakwood, #269, Flat Rock, MI 48134, and that the provisions of FRBP 4001(a)(3) be waived.

SWISTAK & LEVINE, P.C.

/s/ Janet Swistak
Swistak & Levine, P.C.
Attorneys for Creditor
30833 Northwestern Highway, Suite 120
Farmington Hills, MI 48334
248-851-8000
jswistak@swistaklevine.com

Dated: December 11, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

INRE:
MICHAEL L. HUBBARD and
EVA M. JANUS,
Debtors.
/

Case No. 18-56210-mar
Chapter 7
Judge Mark A. Randon

## ORDER FOR RELIEF FROM AUTOMATIC STAY AS TO SUN COMMUNITIES OPERATING LIMITED PARTNERSHIP AND WAIVING PROVISIONS OF FRBP 4001(a)(3)

This matter having come before the court upon the Motion for Relief from Automatic Stay and for Waiver of the Provisions of FRBP 4001(a)(3) filed by Sun Communities Operating Limited Partnership, notice having been served on all interested parties, Certificate of No Response having been filed or hearing having been held, and the court being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Automatic Stay of 11 U.S.C. 362 shall be, and hereby is, lifted as to Sun Communities Operating Limited Partnership to allow this Creditor to pursue its State Court remedies for possession of the Collateral described as a 1997 Skyline (66' x 28') manufactured home, bearing serial number 9T310276KAB which is located at 28268 Oakwood, #269, Flat Rock, MI 48134.

**IT IS FURTHER ORDERED** that the provisions of FRBP 4001(a)(3) shall not apply to this Order.

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

INRE:
MICHAEL L. HUBBARD and
EVA M. JANUS,
          Debtors.
_____/

Case No. 18-56210-mar
Chapter 7
Judge Mark A. Randon

## NOTICE AND OPPORTUNITY FOR HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR WAIVER OF THE PROVISIONS OF FRBP 4001(a)(3) FILED BY SUN COMMUNITIES OPERATING LIMITED PARTNERSHIP

Sun Communities Operating Limited Partnership has filed papers with the court to lift the Automatic Stay and for waiver of the provisions of FRBP 4001(a)(3). **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to lift the Automatic Stay as to Sun Communities Operating Limited Partnership or to waive the provisions of FRBP 4001(a)(3), or if you want the court to consider your views on the motion, you or your attorney must, within 14 days of the mailing date of this Notice:

1. File with the court a written response or an answer explaining your position at:
        United States Bankruptcy Court
        211 West Fort Street
        Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the 14th day after the mailing date of the Notice.

You must also mail a copy of your written response or answer to:

        Sun Communities Operating Limited Partnership, c/o Janet Swistak
        Swistak Levine, P.C.
        30833 Northwestern Highway, Suite 120
        Farmington Hills, MI 48334

2.    If a response or answer is timely filed with the court and served on Swistak & Levine, P.C., the court clerk will schedule a hearing on the motion and you will be service with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

SWISTAK & LEVINE, P.C.

Dated: December 11, 2018

/s/ Janet Swistak (P24831)
30833 Northwestern Highway, Suite 120
Farmington Hills, MI 48334
(248) 851-8000
jswistak@swistaklevine.com
EXHIBIT 2

INRE:
MICHAEL L. HUBBARD and
EVA M. JANUS,
        Debtors.
_____/

Case No. 18-56210-mar
Chapter 7
Judge Mark A. Randon

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2018, I electronically filed a Motion for Relief from Automatic Stay as to Sun Communities Operating Limited Partnership and for Waiver of the Provisions of FRBP 4001(a)(3), Notice and Opportunity for Hearing, and Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Bryan Yaldou

    Michael Stevenson

    US Trustee

and I hereby certify that I have mailed by United States Postal Service the Papers to the following non-ECF participants:

    Michael L. Hubbard and Eva M. Janus at 28268 Oakwood, #269, Flat Rock, MI 48134.

                                 /s/ Janet Swistak
                                 Swistak Levine, P.C.
                                 Attorneys for Creditor
                                 30833 Northwestern Highway, Suite 120
                                 Farmington Hills, MI 48334
                                 248-851-8000
                                 jswistak@swistaklevine.com

                EXHIBIT 4

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

INRE:
MICHAEL L. HUBBARD and
EVA M. JANUS,
          Debtors.
_____/

Case No. 18-56210-mar
Chapter 7
Judge Mark A. Randon

## EXHIBIT LIST

| Exhibit | Description |
| --- | --- |
| A | Manufactured (Mobile) Home Installment Sales Loan Contract |
| B | Certificate of Manufactured Home Ownership |
| C | Summons and Complaint – Claim and Delivery |

## PROMISSORY NOTE and SECURITY AGREEMENT - MANUFACTURED HOME
### Triad Financial Services, Inc.

**MEANING OF SOME WORDS.** In this Promissory Note and Security Agreement (this "Note"), "you" and "your" mean anyone who signs this Note as "Borrower." The words "we," "us" and "our" mean **Triad Financial Services, Inc.**; "Manufactured Home" or "Home" mean the manufactured home, including the appliances in it (see Description of the Manufactured Home below), and "Loan" means the loan we made to you in the principal amount of $ 43,221.84 . If there is more than one Borrower, each will be obligated, separately and together, to pay all sums due and to keep all promises made to us in this Note.

Borrower # 1:
Michael L. Hubbard
28268 Oakwood
Flat Rock, MI 48134

Borrower # 2:
Eva M. Janus
28268 Oakwood
Flat Rock, MI 48134

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all scheduled payments. | Date of this Promissory Note and Security Agreement |
|---|---|---|---|---|
| 9.254% | $50,847.22 | $42,416.99 | $93,264.21 | 1/28/2016 |

**INTEREST RATE AND PAYMENT SUMMARY**

| | Rate & Monthly Payment |
|---|---|
| Interest Rate | 8.990 % |
| Principal + Interest Payment | $ 388.60 |
| Estimated Taxes + Insurance (Escrow) | $ 71.33 |
| ☐ Includes Private Mortgage Insurance | |
| ☐ Includes Mortgage Insurance | |
| Total Estimated Monthly Payment | $ 459.93 |

**No Guarantee to Refinance.** There is no guarantee that you will be able to refinance to lower your rate and payments.
**Late Charge:** If your payment is more than 15 days late, you will pay a late charge equal to 5% of the unpaid amount of the payment.
**Security:** You are giving a security interest in the Manufactured Home and related household goods.
**Prepayment:** If you pay off early, you will not have to pay a penalty.
**Assumption:** Someone buying your Manufactured Home may, subject to conditions, be allowed to assume the remainder of the Note on the original terms.
**Property Insurance:** You may purchase required property insurance from any person of your choice that is acceptable to us. If you choose to purchase property insurance through us, the cost will be $ N/A for a term of N/A .
**Other Information:** Refer to the rest of this Note for any additional information about security interests, nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**1. PROMISE TO PAY AND PAYMENT TERMS.** You promise to pay us $ 43,221.84 ("Principal") plus simple interest as provided below. When you sign this Note, you will also pay us any "Prepaid Finance Charge" shown in the "Itemization of Amount Financed." [X] If the box is checked, the Principal includes any Prepaid Finance Charges that we advanced to you. We will compute and charge interest as provided below at the yearly rate of 8.990 % (the "Note Rate"). Interest begins to accrue on 1/28/2016 .

When we calculate interest, every year shall have 360 days.

You promise to pay interest at the Note Rate on the unpaid Principal balance of this Note until it is paid in full; however, interest after the final scheduled payment date on this Note shall not exceed the maximum rate allowed by state law.

You promise to pay the principal and interest by paying to us monthly payments in the number and amounts of payments shown in the following **Payment Schedule**:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 239 | $ 388.60 | On the 1st of the month beginning 3/1/2016 and each month there after. |
| 1 | $ 388.81 | |

Your first payment will be due on the first date shown in the Payment Schedule, and subsequent payments will be due on the same day of each month after that. You will make each scheduled payment on or before its due date until you have paid in full the Principal, accrued interest and any other charges that you may owe under this Note. If on 02/01/2036 , you still owe amounts under this Note, you will pay those amounts in full on that date (the "Maturity Date").

Each payment will be applied as of it's scheduled due date. Unless we agree differently in writing, or the law requires otherwise, payments will be applied in the following order: (1) any "Escrow Items" as provided in Section 9.F of this Note, (2) accrued unpaid Interest, (3) Principal, (4) "Advances to Protect the Collateral" as provided in Section 12.B of this Note, (5) unpaid collection costs, (6) dishonored check charges, (7) late charges.

You will make all payments to **Triad Financial Services, Inc., 125 Mooney Drive, Suite 1, Bourbonnais, IL 60914**, or any other address to which we later tell you (in writing) to send your payments.

We do not intend to charge or collect any interest, charge, or fee that is more than the law allows. If we charge or collect any amount over what the law allows, we will apply the excess first to the unpaid scheduled monthly payments, and we will refund any excess if you have paid in full all amounts you owe under this Note. Any amount applied to unpaid scheduled monthly payments will be treated as a partial prepayment.

MICHIGAN
Michigan Direct Contract 4-1-11
Bennet S Koren & Marc J. Lifset

x _____ INITIAL   x _____ INITIAL   x _____ INITIAL   x _____ INITIAL

**EXHIBIT A**

## ITEMIZATION OF AMOUNT FINANCED

1. **AMOUNTS PAID TO YOU OR TO SELLER**
   - a. Amount of Credit Provided to You — $ N/A
   - b. Amount Credited to Your Account — $ N/A
   - c. Amount Paid to Sun Home Services, Inc. for manufactured home (including sales tax of $ 2,478.00) — $ 39,478.00
   - d. Total Amount Paid to You or Seller — $ 39,478.00

2. **FEES PAID TO US**
   - a. Buydown Points — $ 0.00
   - b. Origination Fee — $ 0.00
   - c. Processing Fee — $ 699.00
   - d. Total Amount of Fees Paid to Us — $ 699.00

3. **AMOUNTS PAID TO PUBLIC OFFICIALS**
   - a. Filing Fees Only — $ 90.00
   - b. Other Amounts Paid to Public Officials — $ 0.00
   - c. — $ 0.00
   - d. Total Amount Paid to Public Officials — $ 90.00

4. **AMOUNTS PAID TO OTHERS***
   - a. To: ____  For: Broker Fee — $ 0.00 *
   - b. To: American Family Home  For: Property Insurance Premium — $ 856.00 *
   - c. To: Triad fbo CBC Innovis  For: Flood Fee — $ 12.00 *
   - d. To: Triad fbo UPF  For: Tax Service Fee — $ 93.85 *
   - e. To: Triad Financial Services Inc  For: Initial Deposit to Escrow — $ 213.99 *
   - f. To: Home Care Plus  For: Homeowner Warranty — $ 980.00 *
   - g. To: Sun Home Services, Inc.  For: Home Prep Fee — $ 799.00 *
   - h. To: ____  For: Appraisal — $ 0.00 *
   - i. To: Triad fbo The Work Number  For: Verification of Employment — $ 0.00 *
   - j. Total Amounts Paid to Others — $ 2,954.84

5. **PRINCIPAL BALANCE** (1d + 2d + 3d + 4j) — $ 43,221.84
6. **LESS: PREPAID FINANCE CHARGES** — $ 804.85
7. **AMOUNT FINANCED** (line 5 minus line 6) — $ 42,416.99

*A substantial portion of these amounts may be paid to or retained by us.

Title & Filing Fees (if not financed) — $ N/A

2. **LATE CHARGE.** Each time you fail to make a payment in full within 15 days of the date it is due, you will pay a late charge of five percent (5%) of the unpaid amount of such payment. Only one late charge may be collected on any installment no matter how long it remains in default.

3. **YOUR RIGHT TO PREPAY: YOU MAY PREPAY ANY AMOUNTS DUE UNDER THIS NOTE AT ANY TIME WITHOUT PENALTY.** You have the right to make payments at any time before they are due. Unless we agree otherwise in writing, we will apply your prepayments to reduce your Principal balance. If you (1) prepay this Note in full, or (2) default and fail to cure your default and we demand payment of the entire balance due on this Note, no portion of any Prepaid Finance Charge will be rebated unless required by law. We earn all Prepaid Finance Charges at the time the Note is made.

4. **ASSUMPTION.** Someone buying your Manufactured Home may, subject to conditions, be allowed to assume the remainder of this Note on the original terms. These conditions include the creditworthiness of the person proposed to assume this Note and our interest rates at the time of the proposed assumption. Other conditions also may apply.

5. **DESCRIPTION OF THE MANUFACTURED HOME**

| New/Used | Year | Manufacturer's Name |
|---|---|---|
| Used | 1997 | Skyline |
| Brookstone | 66 X 28 | 9T310276KAB |
| Model Name or Model No. | Length/Width | Manufacturer's Serial No. |

The Manufactured Home includes the additional Appliances, Accessories and Furnishings:

- [ ] Microwave
- [ ] Refrigerator
- [ ] Oven/Range
- [ ] Washer
- [ ] Dryer
- [ ] Other
- [ ] A/C Units
- [ ] Steps
- [ ] Accessory Shed
- [ ] Skirting
- [ ] Dishwasher
- [ ] Deck

6. **LOCATION OF THE MANUFACTURED HOME.** Until all amounts owed under this Note are paid in full, you promise that the Manufactured Home will be located at the following address ("Your Address"):

28268 Oakwood
Flat Rock, MI 48134

You promise not to remove your Home from Your Address unless you get our permission in writing first.

We will send all notices concerning your Home to Your Address unless you provide a different mailing address below.

Street or Route _____ City _____
County _____ State _____ Zip Code _____

7. **OUR SECURITY INTEREST.** To secure payment of all sums due or which become due under this Note, and your performance of all other terms of this Note, you grant us a first priority security interest in (1) the Manufactured Home, and all current and future accessions, attachments, accessories, and additions to the Home, (2) your rights to refunds of premiums for and payments under, and proceeds of any insurance purchased using proceeds of this Note, (3) any substitutions or replacements of the foregoing, and (4) proceeds and products of all of the foregoing (collectively, the "Collateral"). Our security interest shall remain in effect until you have paid in full all amounts due under this Note. Despite any other provision of this Note, however, we are not granted, and will not have, a non-purchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. You will pay any filing or recording fees necessary for us to get and keep in force our security interest, and any release, discharge or termination fees, after the Note is paid in full. You authorize us to sign and file financing statements covering the Collateral without your signature. You authorize us to sign and file a copy of this Note as a financing statement.

8. **REQUIRED HAZARD INSURANCE.** You must insure the Manufactured Home against loss by fire, and other hazards included within the term "extended coverage." Whenever the Manufactured Home is transported on the highway, you must have trip insurance. Whenever the Manufactured Home is located in an area that has been identified by the Federal Emergency Management Agency as an area

MICHIGAN
Michigan Direct Contract 4-1-11
Bennet S Koren & Marc J. Lifset

X _____ X _____ X _____ X _____
INITIAL  INITIAL  INITIAL  INITIAL

Rev 04/2011
Page 2 of 5

18-56210-mar    Doc 13    Filed 12/11/18    Entered 12/11/18 09:37:30    Page 8 of 17

having special flood hazards, you must get flood insurance. This "Required Insurance" must be in an amount equal to the lesser of the actual cash value of the Manufactured Home or the remaining unpaid balance owing under this Note, with deductibles not to exceed $1,000 (the "Minimum Coverage"). The Required Insurance must (1) be issued by an insurer and have terms and conditions satisfactory to us, (2) name "Triad Financial Services, Inc. and its successors and assigns, as their interests may appear," as loss payee, (3) not permit the addition of any other loss payee to the insurance policy, unless we consent in writing, (4) provide that such insurance will not be canceled or modified without at least 30 days prior written notice to the loss payee, and (5) not include any disclaimer of the insurer's liability for failure to give such notice.

<b>You have the right to purchase insurance or provide existing coverage through any insurance company or agent of your choice that is reasonably acceptable to us.</b>

You agree to keep the Required Insurance in force until all amounts you owe us under this Note are paid in full. You will provide us with the original insurance policy, or other proof satisfactory to us of the Required Insurance. You will provide us with proof of renewal of the Required Insurance at least 30 days prior to any scheduled termination. You grant and assign to us the proceeds of any and all insurance coverage on the Manufactured Home, including any optional coverage, such as earthquake insurance, which in type or amount is beyond the Minimum Coverage.

In the event of a loss to the Manufactured Home, you shall give prompt notice to us and the insurance carrier. If you fail to promptly notify or make proof of loss to the insurance carrier, we may do so on your behalf. In the event of loss or damage to the Manufactured Home, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Manufactured Home. We may, if we want, use any insurance proceeds to reduce any amounts owing under this Note. You authorize us to adjust your losses, and sign your name to any check, draft or other papers necessary to obtain such insurance payments. You authorize any insurer to pay us directly. If insurance proceeds paid to us do not pay off all amounts you owe us under this Note in full, you are responsible for the balance.

If at any time you fail to buy or keep in force the Required Insurance, we may (but are not required to) get it for you, at your expense. You agree that any insurance we purchase may be for the protection of only our interest in the Manufactured Home, may not fully protect you in the event of a loss, and may be for such reasonable period as we determine. If we decide, in our sole discretion, to obtain insurance, we will notify you of that fact. You understand that the insurance premiums may be higher if we must purchase the insurance than might be the case if you had purchased the insurance.

You agree that we or one of our affiliates may earn a fee or commission in connection with placement of any insurance sold in connection with this Note to the extent permitted by law. You authorize us to release to third parties any information necessary to monitor the status of insurance on your Manufactured Home, and to get the insurance described in this Note.

If we have purchased any insurance on your behalf, at your expense, and if you prepay in full all amounts you owe under this Note, (1) we will provide you with any notice required by applicable law, and (2) you have the right to cancel the insurance and receive a refund or credit of unearned premiums or to continue the insurance, but unless you specifically request cancellation, the insurance will remain in effect until the scheduled expiration date.

**9. CARE OF THE COLLATERAL.** You agree that:

**A. Our Lien.** You will do whatever is necessary for us to have a first priority security interest in the Collateral. You will not grant or permit any lien on the Collateral other than ours. You will sign any additional documents or provide us with any additional information we may require in connection with our security interest in the Collateral.

**B. Use of the Home.** You will keep the Manufactured Home in your possession and in good condition and repair. You will not use the Manufactured Home for business or rent it to someone else without getting our permission in writing first. You will use the Manufactured Home only for its intended and lawful purposes. You will not allow the Manufactured Home to become part of the real estate without getting our permission in writing first.

**C. No Sale.** You will not sell or transfer any rights in the Collateral without getting our permission in writing first.

**D. Taxes and Assessments.** You will pay when due any park or lot rent or related charges, and all taxes, fees, expenses, and assessments on or against the Manufactured Home.

**E. Our Right to Information.** You will notify us promptly of any loss or damage to, or confiscation or theft of the Manufactured Home. When we ask for it, you promptly will provide us with proof that (1) you have the Required Insurance, (2) all taxes assessed against the Manufactured Home have been paid, (3) all park or lot rent (and any other related charges) due have been paid, (4) our lien is the only lien against the Collateral, and (5) the Manufactured Home is in good condition and repair. You will provide us reasonable access to inspect the Manufactured Home. If your Manufactured Home is on rented property, you authorize us and your landlord to exchange information about our security interest in your Manufactured Home and past due payments on this Note or your lease.

**F. Escrow Items.** To the extent permitted by law, during the term of this Note, at our option, we may require you to make monthly payments ("Escrow Payments") for (1) premiums for Required Insurance, (2) taxes and assessments, and (3) other items which might attain priority over our security interest (each, an "Escrow Item"). We will use your Escrow Payments to pay Escrow Items as they come due.

**G. Limited Power of Attorney.** You grant us and any corporate officer designated by us a limited power of attorney, which cannot be cancelled, to sign any documents reasonably necessary to register or perfect our security interest in the Manufactured Home, or to insure, protect, sell or otherwise deal with the Manufactured Home in the event of your default. This power of attorney may not be used for a confession of judgment. You authorize us to sign your name to any document as necessary to collect proceeds of Required Insurance due us.

**10. DEFAULT.** You will be in default on this Note if: (1) you fail to make when due any payment under this Note; or (2) you fail to keep any other promise you have made in the Note; or (3) you fail to make rental payments when due, or to pay other charges and assessments, relating to the real property and/or facility on which the Manufactured Home is located; or (4) you violate restrictive covenants, rules or regulations relating to the real property and/or facility where the Manufactured Home is located; or (5) you die or become legally unable to manage your affairs; or (6) any statement of fact, representation or warranty you make to us in your application for credit or in this Note is false, misleading, inaccurate, or incomplete.

**11. NOTICE OF DEFAULT.** If you are in default, we will send you a Notice of Default and Right to Cure Default (the "Notice"), when required by law. The Notice will explain why you are in default and how you can cure the default. If we are required to send you a Notice, we will not accelerate the unpaid balance of the Note, or repossess any Collateral until after we send you the Notice, and any cure period it describes expires. We may not be required to send you a Notice if (1) you have abandoned or surrendered the Collateral, (2) you received two Notices in the prior one-year period, or (3) other extreme circumstances exist.

**12. REMEDIES.** If you are in default on this Note, we have all of the remedies provided by law and this Note. Before using a remedy, we will send you any notice and wait for any cure period that the law may require for that remedy. Our remedies include the following:

**A. Entire Balance Due Immediately.** We may require you to immediately pay us in full all amounts you owe under this Note.

**B. Advances to Protect the Collateral.** We may, but are not required to, (1) pay taxes, insurance premiums, fees, expenses, charges or assessments relating to the Manufactured Home, (2) satisfy liens on, or (3) make repairs to the Manufactured Home if you have not done so as required in this Note. Any amounts we pay may be added to the balance you owe us and will be secured by the Collateral. At our sole option, we may (1) demand that you repay these amounts immediately, (2) add these amounts to your regularly scheduled payments, (3) add these amounts as additional installments due, (4) add these amounts to the final installment due on this Note, or (5) demand that you repay these amounts in any other manner we request that complies with applicable law. You will pay us interest at the Note Rate on any such amounts not repaid immediately by you.

**C. Attorney's Fees.** You will pay our costs for collecting amounts you owe us, including, without limitation, court costs, reasonable attorneys' fees (not to exceed fifteen percent (15%) of the unpaid debt after default if we refer your Note for collection to an attorney who is not our salaried employee) and all other costs we incur, to the extent permitted by applicable law.

MICHIGAN
Michigan Direct Contract 4-1-11
Bennet S Koren & Marc J. Lifset

x _____ x _____ x _____ x _____
INITIAL   INITIAL   INITIAL   INITIAL

Rev 04/2011
Page 3 of 5

18-56210-mar    Doc 13    Filed 12/11/18    Entered 12/11/18 09:37:30    Page 9 of 17

D. **Repossession.** We may repossess the Manufactured Home if: (1) you are in default, and (2) you do not use any right to cure your default that you may have. After we follow these steps, we may repossess without giving you any further notice. We may repossess peacefully from the place where the Manufactured Home is located without your permission. We also may require you to make the Manufactured Home available to us at a place we designate that is reasonably convenient to you and us. At our option, to the extent permitted by law, we may detach and remove the Manufactured Home from the real property on which it is located, or we may take possession of it and leave it on the real property. You agree to cooperate with us if we exercise these rights.

If we repossess the Manufactured Home, and you do not exercise any right to cure or redeem the Manufactured Home that you may have, we may dispose of it as required by applicable law. We will give you written notice before any repossession sale. The notice shall be sent to Your Address or to any other address which you later give us in writing.

Before the sale you still may get back the Manufactured Home if you (1) pay us all installments due or past due at the time of delivery of the Manufactured Home back to you; (2) pay us all unpaid late or deferred charges, (3) pay us our costs of suit, including but not limited to attorneys' fees to which we have a right under this Note, (4) cure any other defaults which may have occurred, and (5) pay us the expenses of retaking, repairing and storing the Manufactured Home allowed by law. We will apply the proceeds of any repossession sale (1) first, to our expenses in selling the Manufactured Home, then (2) to our costs of retaking, repairing and storing the Manufactured Home, then (3) to our reasonable and actual court costs and any attorneys' fees and collection costs to which we have a right under the terms of this Note, then (4) to late charges, and then (5) to the balance still due.

If there is any surplus money from the repossession sale, it will be refunded to you. If there is still a balance due us, you must pay it to us.

If we repossess, we also may take possession of any other property anywhere in or attached to the Manufactured Home. We agree to return all such property to you upon your request. We may hold the property for you at your risk without liability on our part. If we take possession of any such property, we will notify you in writing. If you do not then claim and take possession of this property, we have your permission to dispose of it in a reasonable manner. You will pay any reasonable charges that we may incur for storing or shipping such property.

E. **Cancel Financed Insurance.** We may cancel any insurance we financed for you, obtain a refund of unearned premiums, and apply it against amounts owing under this Note.

F. **Suit for Deficiency.** Except when prohibited by law, if the repossession sale proceeds do not pay in full all of the amounts you owe under this Note, we may sue you for the remaining balance.

G. **Cumulative Remedies.** By choosing any one or more of these remedies, we do not lose our right to later use one or more other remedies, except as limited by applicable law. Exercise of any one or more remedies against one or more of you will not prevent us from pursuing any other remedy or remedies against any one or more of you in the future. If we do not act on any default, we do not give up our right to later treat that type of event as a default.

13. **OTHER TERMS AND CONDITIONS.** You agree (A) that if you are married, and residing in a community property state, both your community property and separate property will be liable for all payments due under this Note; (B) that you waive all marital rights, homestead exemption and other exemptions relating to any property in which you granted us a security interest; (C) that to correct clerical errors, or to facilitate our sale of any interest in this Note to an investor, or to further the intent of the transaction as contemplated, within fifteen (15) days of our request, to the extent permitted by law, you will (i) execute, or initial, and deliver to us any documents we require; and (ii) cooperate and take any actions we reasonably request.

14. **OBLIGATIONS INDEPENDENT.** Each of you who signs this Note, including any guarantor, is responsible independently to pay all amounts which are due or become due under it and to keep the other promises made in this Note. Each of you has this responsibility even if: (1) someone else has also signed it; or (2) we release or do not try to collect amounts due from another who is also responsible to pay this Note; or (3) we release any security or do not try to take back any Collateral; or (4) we give up any other rights we may have; or (5) we extend new credit, or renew or modify this Note.

15. **WAIVER.** Unless the law or this Note provides otherwise, we are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time, or manner; or (3) give notice that we intend to make, or are making, this Note immediately due.

16. **CREDIT INFORMATION.** We may investigate your credit history and credit capacity in connection with opening, updating, modifying, extending, and/or collecting your account, and share information about you and your account with credit reporting agencies. We also may verify your employment, income, assets, and debts; and anyone receiving a copy of this Note is hereby authorized to release such information to us.

17. **LAW THAT APPLIES TO THIS NOTE.** This Note is governed by the applicable laws and regulations of the United States and of the state where the Home is to be located.

18. **ENTIRE AGREEMENT.** This Note states the entire agreement between you and us, and may be changed only by a writing signed by you and us.

19. **VALIDITY.** Wherever possible each provision of this Note shall be interpreted in such a manner as to be effective and valid under applicable law. If a court decides that any part of the Note is not valid, the rest of the Note still will be binding and effective.

*[This area intentionally left blank]*

MICHIGAN
Michigan Direct Contract 4-1-11
Bennet S Koren & Marc J. Litset

X _____ X _____ X _____ X _____
  INITIAL    INITIAL    INITIAL    INITIAL

Rev 04/2011
Page 4 of 5

18-56210-mar    Doc 13    Filed 12/11/18    Entered 12/11/18 09:37:30    Page 10 of 17

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

YOU ACKNOWLEDGE THAT ON ___1/28/2016___, YOU READ, SIGNED, AND RECEIVED A COPY OF THIS NOTE WITH ALL BLANKS COMPLETED.

_____
Borrower 1
Michael L. Hubbard
Printed Name

_____
Borrower 2
Eva M. Janus
Printed Name

GUARANTEE OF BORROWER'S PROMISES. The undersigned, jointly and severally, agree(s) to pay amounts due on this Note as of today's date and until all amounts due on this Note are paid in full. The undersigned also agree(s) to all the terms and conditions of this Note.

On __NA__ I (we) read, signed, and received a completely filled in copy of this Note.

Cosigner: X __NA__        Cosigner: X __NA__

### For Persons with No Personal Liability on the Note

You are signing this Note only to give us a security interest in the Collateral. You agree to all of the terms and conditions of this Note. You also are waiving any homestead rights to the extent permitted by law. However, you have no personal obligation to pay this Note.

X __NA__        X __NA__

Loan Origination Organization: Sun Home Services, Inc.
NMLS #: 333675

Loan Originator: Terrylyn Kaminski
NMLS #: 128631

MICHIGAN
Michigan Direct Contract 4-1-11
Bennet S Koren & Marc J. Lifset

Rev 04/2011
Page 5 of 5

18-56210-mar    Doc 13    Filed 12/11/18    Entered 12/11/18 09:37:30    Page 11 of 17



# Escrow Agreement

By signing this *Escrow Agreement* you agree to make payments according to those set forth in *Your Payment Summary* ("Escrow Payments") in the Contract Dated, 1/28/2016

Seller will collect and hold the Escrow Payments for:

_____  _____
(initials)   (initials)
the payment of property insurance premiums required under the Contract, 71.33 to (monthly insurance escrow)

_____  _____
(initials)   (initials)
the payment of taxes required under the Contract, 0.00 (monthly tax escrow)

Seller will use your Escrow Payments to pay Escrow Items as they come due.

ALL TERMS NOT DEFINED IN THIS ESCROW AGREEMENT, SHALL HAVE THE MEANINGS GIVEN TO THEM IN THE CONTRACT.

_____
Borrower #1 Signature

Michael L. Hubbard
Borrower #1 Printed Name

_____
Co-Borrower Signature

Eva M. Janus
Co-Borrower Printed Name

**For Your Customer. For You.**  **For More Than 50 Years.**



# Lender Assignment
# Sun Communities Operating

THIS ASSIGNMENT dated 1/28/2016 is executed by Triad Financial Services, Inc. ("Assignor") organized and existing under the laws of the State of Florida, and Sun Communities Operating Limited Partnership ("Assignee").

WITNESSETH:

WHEREAS, Assignor and Assignee have entered into an Agreement dated __01/01/2016__ pursuant to which Assignee has agreed to purchase from Assignor certain Contracts as that term is defined in the Agreement (the "Agreement"); and

WHEREAS, pursuant to the Agreement, Assignor has agreed to assign, convey and warrant to Assignee certain Contracts; and

WHEREAS, as provided in the Agreement, Assignor does hereby assign the Contract(s), including the Retail Installment Contract or Promissory Note and Security Agreement – Manufactured Home, and the certificate of title securing said obligation for the following Debtor(s):

BORROWER NAME  Michael L. Hubbard  Eva M. Janus

NOW THEREFORE, in consideration of the foregoing recitals, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Assignor does hereby sell, assign, transfer, set over and deliver to Assignee, its successors and assigns, the Contract(s), together with all of the Assignor's right, title and interest in and to the property secured or covered by the Contract and all of Assignor's rights and remedies thereunder and under any guaranty or endorsement thereof, including the right to collect any and all installments due and to become due on the Contract and to take in Assignor's or Assignee's name, any and all proceeds Assignor might otherwise take and including all rights, privileges and benefits of the Assignor thereunder.

2. This Assignment is executed pursuant to the terms of the Agreement and shall be governed by the provisions thereof.

IN WITNESS WHEREOF, Assignor and Assignee have each executed this Assignment as of the date and year first written above.

Triad Financial Services, Inc.

By: _Ross Eckhardt_
Title: Ross Eckhardt, President

Sun Communities Operating Limited Partnership

By: _Todd Gegg_  Agent
Title:

For Your Customer. For You.  For More Than 50 Years.

125 Mooney Drive, Suite 1
Bourbonnais, IL  60914

888-936-1179
888-936-1290(fax)

## STATE OF MICHIGAN
## CERTIFICATE OF MANUFACTURED HOME OWNERSHIP

| MANUFACTURED HOME SERIAL NUMBER | YEAR OF MANUFACTURE | MANUFACTURER |
|---|---|---|
| 9T310276KAB | 1997 | SKYLINE |

| | ISSUE DATE | MANUFACTURED HOME CERTIFICATE NUMBER |
|---|---|---|
| | 03/02/2016 | 298E0610224 TM |

OWNER(S) NAME AND ADDRESS
MICHAEL LOUIS-BAER HUBBARD &
EVA MICHELLE JANUS
28268 OAKWOOD AVE # 269
FLAT ROCK MI 48134

| First Secured Party | Filing Date |
|---|---|
| SUN COMMUNITIES OPERATING LTD PARTNE 4336 PABLO OAKS CT JACKSONVILLE FL 32224 | 01-28-2016 |

Release of First Lien:
X _____
Signature of Agent        Date

THE YEAR OF MANUFACTURE AND MODEL YEAR MAY NOT BE THE SAME

### Certificate Assignment by Seller

ANY ALTERATION, ERASURE, FALSE STATEMENT, FORGERY OR FRAUD VOIDS THIS CERTIFICATE AND IS A CRIME.

I (we) certify that the manufactured home described above is sold, assigned, transferred to the following purchaser(s) and is free of all previous liens. Further I (we) certify that the manufactured home described above is equipped with (1) fire extinguisher and (1) smoke detector as required by 1974 P.A. 133, MCL 125.771 et. seq.

| Printed Name of Purchaser(s) | | | Date of Sale | Selling Price |
|---|---|---|---|---|
| Purchaser's Street Address | City | | State | Zip |
| Signature of Seller(s) X | Printed Name of Seller(s) | | | |
| Seller's Street Address | City | | State | Zip |

NEW LIENHOLDER INFORMATION: The information below must be on an application for a certificate and presented to the Michigan Department of State.

| Secured Party: | Address: |
|---|---|

The Department of Licensing and Regulatory Affairs of the State of Michigan certifies that this certificate is prima facie proof of ownership issued in compliance with the laws of the State of Michigan. On the date of issuance, the manufactured home described was subject to the security interest as shown.

MAILING ADDRESS

TRIAD FINANCIAL SERVICES INC
125 MOONEY DR STE 1
BOURBONNAIS IL 60914


EXHIBIT B

DO NOT ACCEPT CERTIFICATE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>3rd JUDICIAL CIRCUIT | COMPLAINT<br>Claim and Delivery | CASE NO.<br>2018  PD |
|---|---|---|

Court address: 2 Woodward Avenue, Detroit, MI 48226
Court telephone no.: 313-224-5510

**Plaintiff(s)**
SUN COMMUNITIES OPERATING, L.P.
c/o Swistak Levine, P.C.
Jarrett Levine (P71902)
30833 Northwestern Highway, Suite 120
Farmington Hills, MI 48334    (248) 851-8000

v

**Defendant(s)**
MICHAEL L. HUBBARD AND EVA M. JANUS
28268 Oakwood, #269
Flat Rock, MI 48134

THERE ARE NO OTHER PENDING OR RESOLVED CIVIL ACTION(S) ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE ALLEGED IN THIS COMPLAINT

## COMPLAINT

1. Plaintiff is lawfully entitled to possession of the following described property, with an estimated value of $38,000.00
Describe property.
   1997 Skyline manufactured home, serial number 9T310276KAB,
   together with its accessories including but not limited to appliances, steps, and skirting.
   Located at 28268 Oakwood, #269, Flat Rock, MI 48134

2. Property claimed is  XX an independent piece of property; and/or
   __ A portion of divisible property of uniform kind, quality and value.

3. Plaintiff's basis and reason for claim is:
   a. On January 28, 2016, Defendants entered into a Promissory Note and Security Agreement (the "Contract") with Triad Financial Services, Inc. which was subsequently assigned to Plaintiff, whereby Defendants promised to pay to Plaintiff the sum of $43,221.84, in monthly installments of $459.93 commencing March 1, 2016 **(a copy of the Contract is attached hereto as Exhibit "A")**.

   b. To secure this obligation, Defendants granted to Plaintiff a security interest in the above described manufactured home, which security interest was perfected pursuant to MCLA §125.2330(d) **(a copy of the Certificate of Manufactured Home Ownership is attached hereto as Exhibit "B")**.

   c. Defendants have failed to remit required monthly payments to Plaintiff and Plaintiff has therefore accelerated the indebtedness of Defendants which is due to Plaintiff, through October 24, 2018, in the amount of $41,860.79, which is inclusive of principal, plus interest thereon, and accrued late charges.

### SUPPLEMENTAL COMPLAINT    (if applicable)

XX 4. This action is based upon a security agreement debt. Plaintiff claims the balance due of $41,860.79.
A copy of the security agreement is attached.

XX 5. Plaintiff claims the following damages because of the defendant's unlawful taking or detention: The loan balance of $41,860.79, which is inclusive of principal, interest, and late charges, plus court costs and and Plaintiff's attorney fees as provided by the Contract.

6. Plaintiff claims a judgment for the return of the described property and also for damages. The total value of the property is unknown since Defendant has possession and Plaintiff cannot inspect same, and damages total $41,8__ and attorney fees through the date of Judgment.

Date: October 24, 2018

Jarrett Levine (P71902)

**EXHIBIT C**

MC 35  (6/18)   COMPLAINT, CLAIM AND DELIVERY      MCL 600.2920

Approved, SCAO

| Original - Court | 2nd Copy - Plaintiff |
| 1st Copy- Defendant | 3rd Copy -Return |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>18-013865-PD<br>Hon. Leslie Kim Smith |

Court address : 2 Woodward Ave., Detroit MI 48226  Court telephone no.: 313-224-2427

| Plaintiff's name(s), address(es), and telephone no(s) | | Defendant's name(s), addresses(es), and telephone no(s). |
|---|---|---|
| Sun Communties Operating, LP | v | Hubbard, Michael L |

**Plaintiff's attorney, bar no., address, and telephone no**

Jarrett Edward Levine 71902
30833 Northwestern Hwy Ste 120
Farmington Hills, MI 48334-2581

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 10/24/2018 | 1/23/2019 | Jacquetta Parkinson |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18)    SUMMONS    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



Approved, SCAO

| Original - Court | 2nd Copy - Plaintiff |
| 1st Copy - Defendant | 3rd Copy - Return |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>18-013865-PD<br>Hon. Leslie Kim Smith |

Court address: 2 Woodward Ave., Detroit MI 48226  Court telephone no.: 313-224-2427

**Plaintiff's name(s), address(es), and telephone no(s)**

Sun Communties Operating, LP

v

**Defendant's name(s), addresses(es), and telephone no(s).**

Janus, Eva M

**Plaintiff's attorney, bar no., address, and telephone no**

Jarrett Edward Levine 71902
30833 Northwestern Hwy Ste 120
Farmington Hills, MI 48334-2581

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>10/24/2018 | Expiration date*<br>1/23/2019 | Court clerk<br>Jacquetta Parkinson |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18)   SUMMONS   MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

